UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                      )
KAREN MCCARTHY,                       )
                                      )
                    Plaintiff,        )
                                      )         Civil Action No._____
v.                                    )
                                      )
TRANSCONTINENTAL CAR                  )
USA CORPORATION;                      )
RECOVERY SOLUTIONS, LLC; and          )
JOHN DOE                              )
                    Defendants.       )
_____)
```

## COMPLAINT

## INTRODUCTION

The plaintiff, Karen McCarthy, brings this action under the Fair Debt Collection Practices Act, Massachusetts Consumer Protection Act, and Massachusetts Commercial Code against Transcontinental Car USA, LLC, Recovery Solutions, LLC and Recovery Solutions' employee, John Doe.  In June, 2010, the defendants wrongfully repossessed the plaintiff's car.  The repossession was wrongful because, among other things, the defendants (1) breached the peace in the course of the repossession and (2) failed to send the required notice to the plaintiff required by Massachusetts law prior to the repossession.  As a result of the defendants' wrongful repossession and other related acts, the plaintiff suffered economic and emotional distress damages for which she now seeks to recover.

## PARTIES

1.      Plaintiff Karen McCarthy is an individual consumer residing in Walpole, Massachusetts.

2.      Defendant Recovery Solutions, LLC ("Recovery Solutions") is a limited liability company organized under the laws of the State of New Hampshire with a principal place of business at 193 Rockingham Road, Derry, NH 03038.

3.      Recovery Solutions is engaged in trade or commerce and uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

4.      On information and belief, Recovery Solutions does not maintain a place of business in Massachusetts.

5.      On information and belief, Recovery Solutions does not keep assets in Massachusetts.

6.      On information and belief, Defendant John Doe is an individual employed by Recovery Solutions.  On information and belief, Mr. Doe is engaged in a business the principal purpose of which is the enforcement of security interests.

7.      Transcontinental Car USA Corporation ("Transcontinental") is a corporation organized under the laws of the state of Florida with a principal place of business at 1309 West Sunrise Boulevard, Fort Lauderdale, FL 33311.

8.      Transcontinental is engaged in trade or commerce.

9.      On information and belief, Transcontinental does not maintain a place of business in Massachusetts.

10.     On information and belief, Transcontinental does not keep assets in Massachusetts.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

12.     This Court has supplemental jurisdiction over the state law claims against Transcontinental and Recovery Solutions under 28 U.S.C. § 1367(a) as these claims are so related to federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

14.     The plaintiff has a car loan debt with Transcontinental.

15.     This debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

16.     The vehicle is a consumer good.

17.     The car purchase and debt financing was a consumer transaction.

18.     The collateral for the debt is a 2005 Nissan Armada (the "vehicle").

19.     The plaintiff fell behind on her vehicle loan in May 2010.

20.     On June 8, 2010 the plaintiff received a phone call from Transcontinental regarding her missed installment payment for the month of May.

21.     During the conversation, the plaintiff attempted to make arrangements to come up to date on the loan.

22.     The following day on June 9, 2010, Recovery Solutions, a repossession company working on behalf of Transcontinental, arrived at the plaintiff's residence to repossess her vehicle.

23.     The plaintiff looked out her window to see a Recovery Solutions employee ("John Doe" or the "employee") in the process of hooking her vehicle to his tow truck.

24.     The plaintiff's vehicle was in her driveway at the time this was happening.

25.     The employee entered onto property owned by or rented by the plaintiff without obtaining the plaintiff's consent at the time of the entry.

26.     The plaintiff left her house and confronted the employee in her driveway.

27.     The employee did not identify himself or his employer but informed her that he was there to take her vehicle.

28.     The employee told the plaintiff that she could retrieve her personal items from the vehicle but refused her requests that he lower the vehicle from his truck's towing apparatus.

29.     The plaintiff went back into her house to retrieve her car keys and returned to the driveway to unlock the vehicle.

30.     The plaintiff unlocked the vehicle using the remote entry device on her vehicle key.

31.     When the employee saw the keys he confronted the plaintiff.

32.     The employee accosted the plaintiff and backed her up against her vehicle.

33.     The employee told the plaintiff that she had better give him the keys for both *his and her safety*.

34.     This threat frightened and intimidated the plaintiff.

35.     The plaintiff acquiesced to the threat and gave the employee her keys.

36.     The plaintiff attempted to enter her car to retrieve her personal items, but she was unable to obtain all of her items.

37.     The employee then towed her vehicle to an unknown location.

38.     On or about June 10, 2010 the plaintiff placed a number calls to Transcontinental and was eventually given the phone number for Recovery Solutions, Inc.

39.     Since that date the plaintiff has called Recovery Solutions numerous times to make arrangements to retrieve her personal items.

40.     Recovery Solutions has failed to adequately respond to the plaintiff's requests to retrieve her personal items.  At different points, representatives of Recovery Solutions have told the plaintiff: 1) that her personal items were at Recovery Solutions' office and they would call her back to make arrangements; 2) that the plaintiff had told the Recovery Solutions employee that she did not want her personal items; and 3) that the personal items were sent to a repossession company in Florida ("Florida repossession company") along with her vehicle.

41.     The plaintiff called the Florida repossession company and was told that it received the vehicle with no property inside and that it is standard industry practice for the original repossession company to inventory and store the items contained in a car before sending it to another location.

42.     On or about August 6, 2010, the plaintiff sent a letter to Recovery Solutions outlining the above facts and listing her missing items.

43.     Recovery Solutions failed to respond to her letter.

44.     At no point did Transcontinental send the plaintiff a notice entitled "Rights of Defaulting Buyers under the Massachusetts Motor Vehicle Installment Sales Act" as required by M.G.L. Ch. 255(b) § 20A.


### CLAIMS FOR RELIEF

### Count I

### Violation of the Fair Debt Collection Practices Act

### (Against Recovery Solutions)

45.     Plaintiff incorporates and realleges the foregoing paragraphs.

46.     Recovery Solutions took a nonjudicial action to effect the dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

47.     In doing this, Recovery Solutions violated 15 U.S.C. § 1692f (6)(A).

48.     Recovery Solutions' actions caused the plaintiff actual damages.

49.     Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the Recovery Solutions' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.


### Count II

### Violation of the Massachusetts Consumer Protection Act

**(Against Transcontinental and Recovery Solutions)**

50.     Plaintiff incorporates and realleges the foregoing paragraphs.

51.     Transcontinental repossessed the plaintiff's car when there was no right to do so under applicable law, namely M.G.L. c. 255B, § 20A and M.G.L. c. 106, § 9-609.

52.     Pursuant to M.G.L. c. 255B, § 6, any violation of Chapter 255B is a *per se* violation of M.G.L. c. 93A.

53.     The provisions of M.G.L. c. 106, § 9-609 provide consumer protection and, as such, any violation of that section is a violation of M.G.L. c. 93A pursuant to 940 Code Mass. Regs. § 3.16.

54.     The defendants' breach of peace and entry onto the plaintiff's property without her contemporaneous consent violated M.G.L. c. 255B, § 20B.

55.     As noted above, pursuant to M.G.L. c. 255B, § 6, any violation of Chapter 255B is a *per se* violation of M.G.L. c. 93A.

56.     The defendants also converted the plaintiff's personal property during the course of the repossession.  This constitutes an unfair and/or deceptive act within the meaning of M.G.L. 93A § 2.

57.     Transcontinental's unfair and/or deceptive acts in the course of trade or commerce caused the plaintiff injury.

58.     Pursuant to M.G.L. c. 93A, § 9, the plaintiff asks the Court to award her up to three but not less than two times her actual damages, statutory damages, reasonable attorney's fees, and the costs of this action.

**Count III**

**Violations of the Massachusetts Commercial Code**

**(Against Transcontinental and Recovery Solutions)**

59.     Plaintiff incorporates and realleges the foregoing paragraphs.

60.     The defendants repossessed the plaintiff's car when there was no present right to do so under M.G.L. c. 106, § 9-609.

61.     The defendants breached the peace in the course of the repossession in violation of M.G.L. c. 106, § 9-609.

62.     Transcontinental had a non-delegable duty not to breach the peace in the course of its repossession.

63.     The defendants' violations of the Massachusetts Commercial Code caused the plaintiff damages.

64.     Pursuant to M.G.L. c. 106, § 9-625, the plaintiff asks the Court to award her actual damages but in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 per cent of the cash price, and the costs of this action.


WHEREFORE, the plaintiff, Karen McCarthy, respectfully requests that this Court:

A. Enter judgment for the plaintiff against Recovery Solutions for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against Recovery Solutions for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment Declaring that Recovery Solutions' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

D.  Award the plaintiff reasonable attorney's fees and the costs of this action against Recovery Solutions pursuant to 15 U.S.C. § 1692k(a)(3).

E.  Enter judgment against the defendants for up to three but not less than two times her actual damages, statutory damages, reasonable attorney's fees, and the costs of this action, pursuant to M.G.L. c. 93A, § 9.

F.  Pursuant to M.G.L. c. 106, § 9-625, enter judgment against the defendants, jointly and severally, for her actual damages but in any event an amount not less than the credit service charge plus 10 per cent of the principal amount of the obligation or the time-price differential plus 10 per cent of the cash price, and the costs of this action.

G.  Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 10th day of September, 2010.

KAREN MCCARTHY,

by her attorney,

*/s/ Nicholas F. Ortiz*

_____

Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282